Jiang v. Holder

BIA
Nelson, IJ
A087 567 667

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand thirteen.

PRESENT:
>       JOSÉ A. CABRANES,
>       RICHARD C. WESLEY,
>       DEBRA ANN LIVINGSTON,
>           *Circuit Judges.*

_____

YU ZHEN JIANG,
>       *Petitioner,*

>           v.                                    12-351
>                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:           Farah Loftus, Century City,
                          California.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant
                          Attorney General; Greg D. Mack,
                          Senior Litigation Counsel; Kathryn
                          L. Deangelis, Trial Attorney, Office
                          of Immigration Litigation, U.S.
                          Department of Justice, Washington
                          D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Yu Zhen Jiang, a native and citizen of the People's Republic of China, seeks review of a December 30, 2011, decision of the BIA, affirming the June 22, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Zhen Jiang*, No. A087 567 667 (B.I.A. Dec. 30, 2011), *aff'g* No. A087 567 667 (Immig. Ct. N.Y. City June 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions as to Jiang's credibility "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's demeanor, the plausibility of the applicant's account, and inconsistencies in her statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's adverse credibility determination.

In finding Jiang not credible, the IJ reasonably relied on Jiang's demeanor, noting that her testimony was unresponsive and hesitant.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  That finding is supported by the hearing transcript.

The IJ's adverse credibility determination is further supported by specific examples of contradictory testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of

3

inconsistent testimony."). Indeed, the IJ reasonably found discrepancies in Jiang's statements regarding her applications for birth permits and whether or not she paid a family planning fine. *See Xiu Xia Lin*, 534 F.3d at 163-64. Jiang failed to provide compelling explanations for these discrepancies. *See Majidi*, 430 F.3d at 80-81.

In addition, the agency did not err in declining to credit Jiang's individualized evidence because the letters she submitted were unsworn, strikingly similar, and prepared by interested parties for the purpose of litigation. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007). Thus, given the IJ's demeanor finding, the record discrepancies, and lack of credible corroborating evidence, we find the agency's adverse credibility determination supported by substantial evidence and dispositive of Jiang's claims for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

Finally, we lack jurisdiction to review the IJ's denial of CAT relief because Jiang failed to challenge the denial of that category of relief before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 & n.2 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk